[Crim. No. 406.   Second Appellate District.—August 3, 1915.]

THE PEOPLE, Respondent, v. ED. TOWNSEND, Appellant.

CRIMINAL LAW—BURGLARY—ATTENDANCE OF WITNESS—DISCRETION OF COURT.—In a prosecution for burglary there was no abuse of discretion on the part of the trial court in refusing to make an order at the request of defendant's counsel to compel the attendance of a witness who was at that time confined in the county jail, where in presenting the motion counsel did not furnish any affidavit, nor even a statement by himself suggesting any fact to which the witness would testify, but merely asserted that the person mentioned was "a material witness to the defense."

ID.—MISCONDUCT OF DISTRICT ATTORNEY—LACK OF PREJUDICE.—In such a case the defendant was not prejudiced by the statement of the district attorney to the first twelve jurors called into the box before they were examined for cause that the defendant was jointly charged with the crime, with another who had pleaded guilty and was serving time in the state's prison, it not being true that the defendant was jointly charged with the other, where immediately upon objection being made to the statement, the court instructed the jury to disregard it, and it does not appear that in the subsequent empaneling of the jury defendant exercised any challenge, or made any inquiry as to whether any juror's mind had been prejudiced by the statement.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial.   T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

E. L. Johnson, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent,

CONREY, P. J.—The defendant was convicted of the crime of burglary in the second degree, and appeals from the judgment and from an order denying his motion for a new trial.

Counsel for appellant concedes that the evidence was sufficient as matter of law to sustain the verdict, but contends that the guilt of the defendant is so far doubtful that he should be granted a new trial on account of the errors of which he complains.

The only error charged against the court consisted of the court's refusal to make an order at request of defendant's counsel to compel the attendance of a witness who was at that time confined in the county jail. In presenting the motion counsel did not furnish any affidavit or even a statement by himself suggesting any fact to which the witness would testify, but merely asserted that the person mentioned was "a material witness to the defense." In *Willard* v. *Superior Court,* 82 Cal. 456, 458, [22 Pac. 1120], referring to an order of this kind, the supreme court said: "It issues only when it appears to the satisfaction of the trial court that the witness is necessary. The statute has lodged in that court the right to determine whether the witness is necessary or not, and being thus clothed with discretion, it is not subject to the mandate of this or any other court. For any abuse of that discretion, the aggrieved party has his remedy, which is the same as for all other mere errors of judgment." On the record here presented, there is no basis for claiming an abuse of discretion.

The only other matter complained of by the appellant is alleged misconduct of the district attorney at the opening of the trial and before any juror had been accepted and sworn to try the case. At that time the district attorney, in a preliminary statement to the first twelve jurors called into the box and before they were examined for cause, stated that the defendant "was charged jointly with one Jake Langley of this crime, Jake Langley not being on trial at that time, he having plead guilty and now serving his time in San Quentin." Exception to this statement was taken by counsel for defendant and the statement was assigned as error. It was not true that defendant had been informed against jointly with Jake Langley, but, on the contrary, the information before the court and upon which this trial was had was an information against the defendant Townsend alone. Immediately when the objection had been

made the court declared that the statement should be wholly disregarded by the jurors, and that the defendant was to be tried upon the facts then to be produced, wholly regardless of the said Jake Langley, or whether he had been acquitted or convicted. After this occurrence the examination of jurors for cause was proceeded with and the jury duly empaneled and sworn. It does not appear that the defendant exercised any challenge, either peremptory or for cause, or that any inquiry was made in the examination of any juror as to whether or not he had any prejudice in his mind which would interfere with a fair trial of the case. Under these circumstances, it cannot be presumed that the defendant suffered any prejudice entitling him to object to the verdict on account of the alleged misconduct of the district atttorney.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.