[Crim No. 4043. First Dist., Div. Three. Apr. 26, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM WALLACE STABLER, JR., Defendant and Appellant.

Anthony DeCristoforo, Jr., under appointment by the District Court of Appeal, and DeCristoforo & DeCristoforo for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Joseph I. Kelly, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Defendant appeals from judgment entered upon jury verdict finding him guilty of escape from a prison camp (Pen. Code, § 4531). Convicted of first degree robbery, defendant was confined at San Quentin prison and was later assigned to a prison camp at Weott. At 7:30 p. m. April 16, 1960, he was in custody at the camp. At 9:30 p. m., he wasn't. Months later, he was arrested and returned to Humboldt County for trial.

The public defender was appointed to represent him. At defendant's insistence, before trial, the public defender's office was relieved of its appointment. Defendant then asked appointment of another attorney. The court refused, but offered reappointment of the public defender, which defendant rejected. While in the county jail awaiting trial on this escape charge, defendant broke a hole in the jail wall, and was charged with attempt to escape from jail. He was later convicted of that charge.

During the trial, defendant objected to the presence of armed law officers in the courtroom. He asserted that they numbered eight. It was pointed out that three were witnesses in the case (no order for exclusion of witnesses having been sought) and that one was the bailiff. Defendant asserts that he was denied a fair trial by the presence of the officers in the courtroom.

 Unnecessary show of restraint of a defendant in the presence of a jury is error (*People* v. *Harrington,* 42 Cal. 165 [10 Am.Rep. 296]); but even shackling or gagging a defendant is permissible when real necessity therefor is shown (*People* v. *Kimball,* 5 Cal.2d 608, 611 [55 P.2d 483]; *People* v. *Merkouris,* 46 Cal.2d 540, 556 [297 P.2d 999]; *People* v. *Harris,* 45 Cal.App. 547, 552 [188 P. 65]; *People* v. *Loomis,* 27 Cal.App.2d 236, 239 [80 P.2d 1012]). Where necessary to assure an orderly trial, no denial of due process results

from the mere presence of armed officers in the courtroom (*People* v. *Santo,* 43 Cal.2d 319, 331 [273 P.2d 249] ; see also *People* v. *Harris,* 98 Cal.App.2d 662, 664-665 [220 P.2d 812] ; *People* v. *Burwell,* 44 Cal.2d 16, 33 [279 P.2d 744] ).

Here defendant was under no close or obvious personal restraint in the presence of the jury. The presumption of his innocence did not compel the trial court to ignore the charge of attempted escape while defendant awaited trial on the present escape charge. It could reasonably believe that somewhat more than normal precaution was required to assure defendant's continued presence and to maintain order. Mere increase in the number of guards was by no means unreasonable in view of the indications that defendant sought to become the Houdini of Humboldt. The court fully and fairly instructed the jury (in whose presence the defendant had raised the issue) that the presence of guards was not to be considered against defendant. There was no error.

Defendant complains of the failure to appoint counsel other than the public defender. Although entitled to counsel, a defendant is not entitled to the services of a particular attorney (*People* v. *Chessman,* 52 Cal.2d 467, 491 [341 P.2d 679] ). His attempted attack upon the public defender is unsupported, and thus there is no denial of counsel in the trial court's refusal to appoint an attorney other than the public defender (see *People* v. *Williams,* 174 Cal.App.2d 364, 378 [345 P.2d 47] ; *People* v. *Ortiz,* 195 Cal.App.2d 112, 116 [15 Cal.Rptr. 398] ). We find no error.

A few days before trial, defendant wrote to the trial judge, requesting that two inmates be brought from state prison to testify in his behalf. Hearing upon this request was held the day before trial. One of the witnesses, Colevreis, was the inmate alleged to have accompanied defendant in his escape from the camp. He was brought to court. The other, Lopez, filed an affidavit that he could testify "to certain matters" of defense, "particularly the condition of . . . Colevreis on early Easter morning 1960." That date was April 17, the day after the alleged escape. The trial court denied the motion. On the morning of the trial, defendant renewed the motion for production of Lopez, and then for the first time stated that Lopez "agreed to testify that he drove me away from the camp in an unconscious condition." Defendant later renewed the motion, stating that Lopez would testify that defendant "had been drinking, . . . was under the influence," when he left the camp. The court again denied the motion.

To secure the presence as a witness of an inmate of a prison outside the county of trial, the party seeking him must show that the testimony he will give "is material and necessary." " [A]nd even then the granting of the order shall be in the discretion" of the court (Pen. Code, § 2621). The initial showing was only that Lopez would testify to Colevreis' condition, which was not in issue. This was wholly insufficient (see *People* v. *Townsend,* 28 Cal.App. 204 [151 P. 745] ; *People* v. *Putman,* 129 Cal. 258 [61 P. 961]). The claim that Lopez would testify to defendant's condition when he left the camp was belated. In any event, the court did not finally rule upon it until the close of the evidence. At that time, defendant had refused to call Colevreis, despite the fact that Colevreis had been brought from prison and was available. Since Colevreis was asserted by defendant to have been present at the same time as Lopez, the court was entitled to consider the failure to call Colevreis in determining the validity of defendant's claim that Lopez could testify to any relevant or material fact.

Furthermore, defendant's claimed intoxication would not be a defense to the charge of escape (*People* v. *Haskins,* 177 Cal.App.2d 84, 88 [2 Cal.Rptr. 34]). We find no abuse of discretion.

Finally, appellant urges error in denial of his motion for change of venue, based upon his claim of "A lot of unfavorable publicity in local newspapers, called, in effect, a gangster, and picking a jury that's anything but unfavorable to the defendant would be next to impossible." This statement was made to the trial court by defendant, but is unsupported by anything in the record. Moreover, *voir dire* examination showed that only three of the jurors had read anything about the case, and these three said they would not be affected by what they had read. Defendant exercised no peremptory challenge, but said "Everybody on the jury looks all right to me, your Honor. I don't care to challenge any." Under these circumstances, he cannot now claim that it was impossible for him to secure a fair trial by an unbiased jury (*People* v. *Cook,* 39 Cal.2d 496, 500 [247 P.2d 567] ; *People* v. *Mendes,* 35 Cal.2d 537, 542 [219 P.2d 1]).

No issue is raised as to the trial on defendant's plea of not guilty by reason of insanity, which also resulted adversely to him.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.