[Crim. No. 5660.   First Dist., Div. One.   Sept. 18, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES LEE DUGAN, Defendant and Appellant.

Jon A. Rantzman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci, Ronald H. Kearney and Michael J. Kelly, Deputy Attorneys General, for Plaintiff and Respondent.

ELKINGTON, J.—Defendant James Lee Dugan was found guilty by a jury of armed robbery (Pen. Code, § 211) and possession of a revolver capable of being concealed upon the person by one previously convicted of a felony (Pen. Code,

§ 12021·). He appeals from the judgment of conviction entered upon the verdicts.

Three witnesses identified defendant as the person who robbed a supermarket. When arrested later on the day of the robbery he was armed with a loaded revolver. From a group of six handguns a witness identified it as similar to the robbery weapon because it had ''the bluing worn off of it.'' A jacket, hat, pair of shoes and glove identified as worn by the robber were found in a partially burned condition in a garbage can at the apartment house where defendant was apprehended. A money bag and money wrappers identified as being similar to those taken by the robber were also found in the garbage can. Proof that defendant had previously been convicted of first degree robbery was admitted in evidence.

The defense offered no evidence, and no contention is made that the evidence was insufficient to support the verdict.

█ Defendant states as his first assignment of error: ''*The trial judge should have granted the appellant's motion for nonsuit or mistrial on the grounds of prejudice resulting from his appearance before the jury in chains and in the custody of armed guards.*''

On the first day of the trial defendant was brought from San Quentin Prison to the courthouse by the sheriff. He appeared in the courtroom without any signs of physical restraint. The next day he was brought to court heavily manacled and chained by correctional officers from the prison. Much of this physical restraint was removed before he entered the courtroom, but he did have a chain around his waist from which dangled a pair of handcuffs while across the opening of his shirt at the neck another chain could be seen. His hands and legs were free. In this condition it was probable, although not certain. that he was seen by members of the jury seated in the courtroom before court convened.

It appears that defendant, so in chains, and his counsel were in the courtroom for a considerable time before the jury was summoned to the courtroom. Two correctional officers were also in the courtroom during that time. No objection was made concerning the officers' presence or defendant's appearance until after the jury entered, whereupon defendant's counsel asked leave to address the court in chambers. Leave was granted, and out of the presence of the jury counsel made the motion referred to in the instant assignment of error.

From the ensuing discussion. among other things, it appeared that at the time of the alleged robbery defendant was

an escapee from state prison, that he had previously suffered four armed robbery convictions, and that the authorities of San Quentin Prison where defendant was being held, had information that he was possibly planning another escape. He was brought to court that morning by prison correctional officers instead of the sheriff because of a tardy observation that a court order directed the prison warden to bring defendant to and from the courtroom during the trial. It also appeared that on the previous day the jury had been told of defendant's four prior first degree robbery convictions.[1]

The court, out of the presence of the jury, denied defendant's motion. It then ordered that the complained of chains be removed "until such time as this court makes any different order based on justified grounds," and that one bailiff and two correctional officers might remain in the courtroom attending defendant during the trial.

We are unable to conclude that the trial court erred in denying defendant's motion for nonsuit or mistrial.

It has been held that shackling and even gagging of a defendant during trial is permissible when real necessity therefor is shown. (*People* v. *Stabler*, 202 Cal.App.2d 862, 863 [21 Cal.Rptr. 120]; see also *People* v. *Merkouris*, 46 Cal.2d 540, 556 [297 P.2d 999]; *People* v. *Kimball*, 5 Cal.2d 608, 611 [55 P.2d 483].) Nor does the mere presence of armed officers in the courtroom constitute error where reasonably necessary to assure an orderly trial. (*People* v. *Santo*, 43 Cal.2d 319 [273 P.2d 249]; *People* v. *Stabler, supra*, at pp. 863-864.)

Here the trial judge promptly, when defendant's complaint was called to his attention, ordered the remaining chains removed. At most the jurors had but a fleeting observation of the means of restraint used. It appears that defendant's counsel had knowledge of the chains, and ample opportunity to bring them to the court's attention and seek their removal before the jury entered the courtroom. And the jury having been told of defendant's four prior robbery convictions, it is doubtful that any substantial prejudice resulted from the brief appearance of the chains, even if seen by the

---

[1]Apparently since defendant by his plea of not guilty to the Penal Code section 12021 charge had denied any previous felony conviction, the prosecutor in his opening statement (which is not in the record before us) stated he would prove the four prior first degree robbery convictions. The information alleges, as to the Penal Code section 12021 charge, a previous conviction of first degree robbery, a felony, without date or other details. No objection appears and no claim of error in connection therewith is asserted.

jury. (See *People* v. *Ross,* 67 Cal.2d 64, 71-72 [60 Cal..Rptr. 254, 429 P.2d 606].)

In any event, if the complained of restraint be error, we declare a belief, because of the conclusive evidence of defendant's guilt, that such error was harmless beyond a reasonable doubt (see *Chapman* v. *California,* 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824]) and that if such error were absent, there is no reasonable probability that the jury would have reached a result more favorable to defendant. (See *People* v. *Hillery,* 62 Cal.2d 692, 713 [44 Cal.Rptr. 30, 401 P.2d 382].)

Defendant's remaining assignment of error is: *"The trial judge erred in refusing to grant the appellant's motion to strike count two of the information, since the prosecution was thereby permitted to bring the appellant's record of prior convictions before the jury in an improper and prejudicial manner."*

Count two of the information related to the charge of violation of Penal Code section 12021. The information charged, and the evidence indicated, that this alleged offense was connected in its commission with that alleged in the first count. Penal Code section 954 states that an information "may charge two or more different offenses connected together in their commission." The two counts of the information were therefore properly joined. (See *People* v. *Chapman,* 52 Cal.2d 95, 97 [338 P.2d 428].) Defendant has offered no authority, and we know of none, authorizing the "striking" of one count under these circumstances.

Defendant contends that the court should nevertheless have exercised its discretion and granted separate trials on each count. No request for such a severance was made to the trial court. Failure to sever may not be raised for the first time on appeal. (See *People* v. *Chessman,* 38 Cal.2d 166, 175 [238 P.2d 1001] ; *People* v. *Van De Wouwer,* 91 Cal.App.2d 633, 639-640 [205 P.2d 693].) Construing defendant's motion to strike as a motion to sever the two counts of the information for trial we find no abuse of discretion in its denial. Only where an abuse of discretion is shown will the ruling of the trial court denying such severance be disturbed upon appeal. (*People* v. *Eudy,* 12 Cal.2d 41, 46 [82 P.2d 359].)

Finally defendant contends that the jury should have been admonished to consider evidence of defendant's prior convictions only for the limited purpose of establishing the

Penal Code section 12021 count. We are presented with no record showing whether or not such an admonishing instruction was requested or given. It must be presumed, absent a record, that adequate instructions were given to the jury. (*People* v. *Buchtel,* 221 Cal.App.2d 397, 406 [34 Cal. Rptr. 437]; *People* v. *Moore,* 209 Cal.App.2d 345, 349 [26 Cal.Rptr. 36].)

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.