[Crim. No. 16483.  Second Dist., Div. Four.  Feb. 20, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN NELSON LYONS, Defendant and Appellant.

**COUNSEL**

Phillip Feldman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Russell Iungerich, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—Defendant was charged with one count of attempted robbery and one count of robbery and as to each count that he was armed with a deadly weapon during their commission. It was also charged that he had suffered a prior felony conviction in another state.

The jury was unable to agree at defendant's first trial and a mistrial resulted. A second jury found him guilty of attempted robbery in the first degree and robbery in the first degree as charged; it also found that he had been armed at the time of the commission of both offenses. The prior conviction was found to be true as alleged.

Defendant's motion for a new trial was denied. He was denied probation and sentenced to state prison for the term prescribed by law, which sentence was to run concurrently with any federal sentence. The appeal is from the judgment of conviction.

Essential facts relating to the attempted robbery (count I) are the following:

Between 2 and 2:30 on the afternoon of November 29, 1965, defendant and two other men entered the Erving Cleaners. Defendant said to Mrs. Erving, "This is a stickup," and placed a revolver on her forehead between her eyes.

Mr. Erving was in the rear of the store and when he was told not to move he shot and killed one of the accomplices. Defendant and the remaining accomplice fled without taking anything.

On February 2, 1966, Mr. and Mrs. Erving saw and identified defendant in a police lineup which was comprised of six or seven Negroes of different heights, two of whom, including defendant, were taller than the rest. No one pointed out defendant and the witnesses did not converse with any police officers prior to identification concerning the defendant's identification. Mrs. Erving had described defendant, initially, to the police as being about 6 feet tall and weighing about 145 or 150 pounds. Counsel stipulated

that the defendant was 6 feet, 3 inches and weighed 165 pounds. At the time the crime was perpetrated defendant had a goatee. Mr. and Mrs. Erving identified defendant in the courtroom.

Concerning the robbery, which took place on January 25, 1966 (count II), the following are the essential facts:

At about 2 p.m., defendant came into Myers' Market in Long Beach. The owner, Mrs. Vee Myers, asked if she could help him and after giving her an order and making some inconsequential remarks, defendant pointed a gun at her which was partly in his pocket; she could see 4 or 5 inches of the barrel.

In response to defendant's demand, the witness gave him all the bills ($25) and change she had; the defendant went through the victim's pockets where he found no money. The victim had the defendant under observation from four to five minutes.

On the 2d or 3d of February, Mrs. Myers saw defendant in a lineup comprised of nine or ten Negroes. Defendant had a goatee and was the tallest person in it. The victim identified defendant in the lineup and in court. The police did not pick defendant out of the lineup nor point him out to Mrs. Myers or make any statement which would tend to distinguish him from the others in the lineup. Prior to going to the lineup Mrs. Myers pointed out defendant's picture from among a group of 25 or 30 photographs shown her by the police. The victim identified defendant in the courtroom; the judge required that he stand.

To prove the prior conviction, the People introduced a certified document from the Director of Division of Classification of Assignment from the State of Missouri under the name of John Nelson Lyons with a picture and a series of fingerprints attached.

On appeal defendant contends that:

1. Consolidation of the charge of attempted robbery with robbery prejudiced the jury and denied him a fair trial;

2. Evidence that an accomplice had been killed during perpetration of the attempted robbery prejudiced the jury and denied him a fair trial;

3. The finding that defendant was armed was not supported by the evidence;

4. Due process was violated when defendant was identified through photographs and in a police lineup;

5. Defendant was denied the equal protection of the law when he was exhibited in a police lineup;

6. The issue of prior conviction should not have been tried before the same jury which tried the other charges since that issue prejudiced him before the jury; and

7. The judgment is ambiguous and should be modified.

## I

█ The objection to a consolidation of the two counts is not properly before us, since no motion to sever was made in the trial court. (*People* v. *Kemp* (1961) 55 Cal.2d 458, 474 [11 Cal.Rptr. 361, 359 P.2d 913]; *People* v. *Dugan* (1967) 254 Cal.App.2d 402, 406 [62 Cal.Rptr. 185]; *People* v. *Martin* (1967) 250 Cal.App.2d 263, 267-268 [58 Cal.Rptr. 481]; *People* v. *Bennett* (1953) 119 Cal.App.2d 224, 226 [259 P.2d 476].)
█ In any event, the consolidation of different offenses of the same class is expressly authorized by section 954 of the Penal Code and has been sustained in cases similar to the one at bench. (*People* v. *Brock* (1967) 66 Cal.2d 645, 655-656 [58 Cal.Rptr. 321, 426 P.2d 889]; *People* v. *McClain* (1942) 55 Cal.App.2d 399, 402 [130 P.2d 978].)

## II

█ Under section 352 of the Evidence Code, it is for the trial court to determine whether the probative value of evidence outweighs the possibility of prejudice. (*People* v. *Stanworth* (1969) 71 Cal.2d 820 [80 Cal. Rptr. 49, 457 P.2d 889].) It is hard to see how the story of the abortive robbery attempt could have been presented to a jury without including reference to the death of defendant's accomplice.

## III

█ The contention that the evidence does not support the finding that defendant was armed at the time of the crimes is specious. Each victim testified positively to seeing a weapon in defendant's hand at the time of the respective holdups.

Equally without foundation is the contention that the judgment entered is ambiguous. As we indicate later, the judgment must be modified to comply with a recent decision; but, as entered and as modified, it is entirely clear.

## IV

█ Since the lineup preceded the decision in *United States* v. *Wade* (1967) 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926], no right to have

counsel present existed. (*People v. Feggans* (1967) 67 Cal.2d 444, 448 [62 Cal.Rptr. 419, 432 P.2d 21].) ■ The only objection here open is the claim that the lineup was unfair in that defendant was, possibly, taller than the other persons exhibited. We have reviewed the testimony. We see nothing that would permit us to overrule the trial court's finding that the lineup was not unfair and that the in-court identification was based on the victim's observations during the crimes. ■ That defendant was required to stand for the purpose of the in-court identifications is not a factor showing fairness. (*People v. Lopez* (1963) 60 Cal.2d 223, 244 [32 Cal.Rptr. 424, 384 P.2d 16].)

## V

■ Submission of the allegation of a prior to the same jury as that which determines the other issues in the case does not violate any constitutional rights of defendant. (*Spencer v. Texas* (1967) 385 U.S. 554 [17 L.Ed.2d 606, 87 S.Ct. 648]; *People v. Cameron* (1967) 256 Cal.App.2d 135, 138-139 [63 Cal.Rptr. 807].)

## VI

However, under the rule laid down in *People v. Floyd* (1969) 71 Cal.2d 879 [80 Cal.Rptr. 22, 457 P.2d 862], the judgment must be modified by revising the reference therein to the fact that defendant was armed at the time he committed the two offenses.

The Judgment is modified by deleting the words "and that defendant was armed as alleged" and substituting therefor the words "and that, at the time of commission of each of said two offenses, defendant was armed with a pistol within the meaning of section 1203 of the Penal Code—sections 3024 and 12022 of the Penal Code not being applicable"; as so modified, the judgment is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied March 2, 1970.