[Crim. No. 17664. Second Dist., Div. Two. Dec. 17, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ALBERTO RAUL CERVANTES, Defendant and Appellant.

588

## Counsel

Jesee L. Halpern, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jane C. Liebman, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**ROTH, P. J.**—Appellant was charged in four separate counts with kidnapping (Pen. Code, § 207), rape (Pen. Code, § 261), possession of a restricted dangerous drug (Health & Saf. Code, § 11910) and assault with a deadly weapon (Pen. Code, § 245). Following the waiver of a jury trial and a submission on the transcript of the preliminary hearing, appellant was found guilty of the count alleging an assault with a deadly weapon. The remaining counts were dismissed and appellant was sentenced to be imprisoned in the state prison for the term prescribed by law. This appeal is from the judgment.

Appellant's contentions focus on the circumstances surrounding his submission of the cause on the transcript of the preliminary hearing. A detailed recitation of the facts is therefore unnecessary. Suffice it to say that appellant, acting in concert with two others, forced a vehicle driven by Susan Tuffey and Barbara Nelson off the road; compelled Susan and Barbara at gunpoint to accompany them to an apartment where acts constituting rape, assault and battery were committed upon the persons of the victims; and that both Susan and Barbara were held in the apartment against their will and were subjected to numerous indignities and abuse.

The proceedings relating to the submission of appellant's case on the transcript of the preliminary hearing were as follows:

"MR. LEGG: May it be stipulated the Court can read and consider the transcript of the preliminary hearing, and that all witnesses that testified at the preliminary hearing be deemed called, sworn and testified in accordance with their testimony at the preliminary hearing;

"That all exhibits be received with the same force and effect, and all stipulations be received with the same force and effect as if they were entered into at this hearing?

"MR. MASERO: So stipulate.

"MR. KRONENBERG: [appellant's counsel]: So stipulated on behalf of Alberto Cervantes.

"MR. FOLEY: So stipulated on behalf of Alfred Cervantes.

". . . . . . . . . . . . . . . . . . . .

"THE COURT: . . . Now, I will address myself jointly to Mr. Alberto Cervantes and Mr. Alfred Cervantes. I want to be sure you understand this procedure.

"The only count that I have submitted to me for decision is Count Four, in which both of you are charged with the crime of assault with a deadly weapon, in violation of Section 245 of the Penal Code, to wit, that on March 20 of 1969, you willfully, unlawfully and feloniously assaulted with a deadly weapon Susan Tuffy and Barbara Nelson. Now that's the only count that I have in respect to the two of you before me for decision.

"Now, this stipulation that was entered into by both of your counsel and the District Attorney means that we are not going to have a trial in the regular or usual sense of the word. It means that I am going to determine your guilt or innocence on this count solely from having read the testimony of those witnesses who testified at that preliminary hearing. They won't be here. You won't have your constitutional right of confrontation or cross examination in respect to that. And I understand neither one of you are going to take the stand and testify on your own behalf or produce any other evidence.

"I have read this transcript and the possibilities are very strong that I am going to find both of you guilty of a violation of Section 244 of the Penal Code, assault with a deadly weapon.

"MR. LEGG: 245, your Honor.

"THE COURT: Yes, Section 245.

"Now, if either one of you have any reason why you don't want me, at this particular time, to proceed this way, as I have explained it to you, I wish you'd speak up and tell me right now so we can have a complete trial.

"Do you understand, Mr. Alberto Cervantes, what I have said to you here?

"DEFENDANT ALBERTO CERVANTES: Yes, sir, your Honor.

"THE COURT: Do you personally agree to this procedure of submission on transcript?

"DEFENDANT ALBERTO CERVANTES: Yes, your Honor.

"THE COURT: And Mr. Alfred Cervantes, do you understand this procedure of submission?

"DEFENDANT ALFRED CERVANTES: Yes, your Honor.

"THE COURT: And do you personally agree to it?

"DEFENDANT ALFRED CERVANTES: Yes.

"THE COURT: Very well.

"I have read the transcript.

"MR. LEGG: People rest, your Honor.

"MR. KRONENBERG: On behalf of Alberto Cervantes, we will rest and submit the matter."

Appellant was thereupon found guilty by the court of a violation of section 245 of the Penal Code, as charged in count IV of the information. A probation report was ordered and a probation and sentence hearing was set.

When the matter of probation and sentence came on for a hearing, the following transpired:

"THE COURT: No. 5 on calendar, the Alfred Cervantes, Alberto Cervantes and Richard Ortiz matter.

"I note the presence of both Cervantes and their counsel.

"MR. FOLEY: Present for Alfred, your Honor.

"MR. KRONENBERG: Present for Alberto.

"MR. FOLEY: We reserve a formal motion for new trial, which we would like to interject at this time.

"MR. KRONENBERG: We will join on behalf of Alberto.

"THE COURT: Motion granted. Trial date we will set right now. I wait for any suggestions.

". . . . . . . . . . . . . . .

[Short recess taken].

"MR. FOLEY: Your Honor, may the record reflect that the defendant Alfred Cervantes is back in court and on his behalf, we withdraw the motion previously made and granted for new trial.

"Waive arraignment for judgment. No reason why judgment should not now be pronounced.

"MR. KRONENBERG: Your Honor, on behalf of Alberto Raul Cervantes, we will withdraw our motion made for new trial and ask the Court to vacate its order granting a motion for new trial, and would request immediate sentence.

"I would state for the record that I have advised Mr. Cervantes of the contents of the probation report, and of what I believe is the Court's intended action.

"Is that correct, Mr. Cervantes?

"DEFENDANT ALBERTO CERVANTES: Yes, sir.

"MR. KRONENBERG: Is it your desire to ask for sentence today?

"DEFENDANT ALBERTO CERVANTES: Yes, it is.

"MR. FOLEY: I might further advise the Court on behalf of my client that I have advised my client of the conclusions set forth in the probation report, which I have read. He is fully aware of them and is ready for sentence at this time.

"THE COURT: All right.

"The former order granting a motion for new trial, in view of the statements of counsel and defendants, is vacated.

"Now, I want to state something for the record here. At the time this matter was submitted on the transcript and the defendants were found guilty, I had a conference in chambers with counsel, and with the understanding that in the event that the defendants were found guilty on the stipulated submission on transcript, that I wouldn't—I think I made the statement at that time that I would make it a misdemeanor by sentence, or at least I think I made the commitment to counsel to induce that submission, that I wouldn't send the defendants to State Prison. And that after that happened, and I got the probation reports, I couldn't in good

conscience, to myself or the People, carry out my original indication of what I would do.

"And so it was with that in mind that I advised counsel of this and advised them that I couldn't, and the only fair thing to do, inasmuch as the submission might have been induced with this commitment in mind, was to grant a new trial.

"Now, I want the defendants to understand that if I impose sentence today as they indicated, it is my intention to commit both of them to the State Department of Corrections for the term prescribed by law under the provisions of Section 1168 of the Penal Code, reserving jurisdiction of the Court to recall it at any later time for any other type of disposition or probation.

"Now, I feel I should make that statement for the record for the benefit of both defendants, as well as counsel, so that they know what I plan to do. And if they have now any change in view of this statement, they want to make any change in it, why, I'll give them an opportunity to do so. . . ."

Judgment was pronounced as indicated above.

 Appellant contends that he was denied due process of law because the trial judge did not readvise him *after* the order for a new trial had been vacated *on appellant's* motion that he had the right to a trial by jury, the right to confront witnesses and the right to the privilege against self-incrimination, and that he did for a second time expressly waive those rights.

Appellant's entire argument is premised on the assumptions that (1) the submission on the transcript of the preliminary hearing was tantamount to a plea of guilty and (2) there was therefore a need, constitutionally dictated, that appellant waive his rights to a trial by jury, to the confrontation of witnesses and the privilege against self-incrimination. (*In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].)

While, on the basis of the facts at bench, there is considerable merit to the contention that the submission was tantamount to a plea of guilty (*In re Mosley,* 1 Cal.3d 913, 924-925 [83 Cal.Rptr. 809, 464 P.2d 473]), the requirements of *In re Tahl,* 1 Cal.3d 122, *supra,* relative to the entry of a plea of guilty are not retroactively applicable to this case. (*In re Mosley,* 1 Cal.3d 913, *supra,* at p. 926, fn. 10.) Thus, even equating the submission to a plea of guilty, we find that it comported with the standards then applicable to the valid entry of a plea of guilty.

Since there was no need at the time of the submission to conform to

*Tahl,* there was similarly no requirement to so conform when the order granting the new trial was vacated.

The procedure elected by appellant merely returned him to the position he was in prior to his original submission of the case at which time he was fully advised and expressly waived the rights specified.

The record shows that the court, even though it was not under a duty to do so, did comply with the substance of *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and *In re Tahl, supra,* and that appellant waived these rights. Not even the warnings required by *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974] must be continually repeated in order to validate a suspect's confession. (*People* v. *Johnson,* 70 Cal.2d 469, 477 [74 Cal. Rptr. 889, 450 P.2d 265].) Just as we cannot retroactively impose a duty on the court to advise appellant of certain rights (*In re Tahl, supra*), we cannot require the needless repetition of warnings which have been given out of a sense of fairness and an abundance of caution.

■ Appellant next contends that the court's remarks that the ". . . possibilities are very strong that I am going to find both of you guilty . . ." made prior to the submission on the transcrpit of the preliminary hearing indicated that the matter of appellant's guilt had been prejudged. The record shows that the trial judge had read the preliminary transcript. When taken in that context, no prejudice adheres to the trial judge's statement. On the contrary, it served to apprise appellant of the probable consequences of a procedure which was in fact tantamount to entering a plea of guilty. (*In re Mosley, supra,* 1 Cal.3d 913.)

The record does not suggest even remotely any abridgement of a defendant's right to a tribunal which is ready to consider and weigh all admissible evidence before arriving at its verdict.

Contrary to *People* v. *Barquera,* 154 Cal.App.2d 513 [316 P.2d 641], relied upon by appellant, the trial judge at bench had objectively read the preliminary transcript and he did not, in any sense, restrict or inhibit the introduction of additional evidence or force the submission of the case on the preliminary transcript.

■ Finally, we address ourselves to a point not raised in the briefs of counsel. It is treated in *People* v. *Williams,* 2 Cal.3d 894, 910, fn. 7 [88 Cal.Rptr. 208, 471 P.2d 1008]. The language of *Williams* at page 910 is apposite: "After *Floyd* was decided, Penal Code section 12022.5 became effective, which section provides for additional punishment for certain persons including any person who uses a firearm in the commission of a robbery, and the section specifically provides that it 'shall apply even in those cases where the use of a weapon is an element of the offense.' This section, however, cannot affect the instant case since it became effective after defendant committed the robberies."

Since section 12022.5 was not made retroactive the judgment herein must be modified. (*People* v. *Ortega,* 2 Cal.App.3d 884 [83 Cal.Rptr. 260]; *People* v. *Lyons,* 4 Cal.App.3d 662 [84 Cal.Rptr. 535]; *People* v. *Jarvis,* 276 Cal.App.2d 446, 455 [80 Cal.Rptr. 832].)

At bench appellant was convicted of an assault with a deadly weapon (Pen. Code, § 245) as charged in count IV of the information. Count IV also charged that at the time of the commission of the offense appellant was armed with a deadly weapon, to wit: a .22 caliber Marin rifle. The finding of the trial court that appellant was guilty "as charged" amounts to a finding that appellant was armed as charged even though there was no specific finding on this fact. (*People* v. *Flohr,* 30 Cal.App.2d 576, 581 [86 P.2d 862]; *People* v. *Fritz,* 275 Cal.App.2d 866, 871 [80 Cal.Rptr. 506]). Under the rule of *In re Shull,* 23 Cal.2d 745 [146 P.2d 417], as amplified in *People* v. *Ford,* 60 Cal.2d 772 [36 Cal.Rptr. 620, 388 P.2d 892], and recently reaffirmed in *People* v. *Floyd,* 71 Cal.2d 879 [80 Cal. Rptr. 22, 457 P.2d 862], the provision for increased punishment under sections 12022 and 3024 of the Penal Code are inapplicable to a conviction for an assault with a deadly weapon. Accordingly, the judgment at bench is modified to provide that at the time of the commission of the offense, section 3024 and 12022 of the Penal Code were inapplicable but that appellant was armed within the meaning of Penal Code, section 1203 and the weapon is specified to be a gun.

As modified, the judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

On January 5, 1971, the opinion was modified to read as printed above.