[Crim. No. 5285. Fourth Dist., Div. One. Aug. 23, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
JASON LEE HARTSELL, Defendant and Appellant.

10

## COUNSEL

Martin F. Bloom, under appointment by the Court of Appeal, and Harold F. Tyvall for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Harley D. Mayfield and Richard D. Garske, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**AULT, J.**—Defendant Jason Lee Hartsell was charged in a two-count information with assault with a deadly weapon (Pen. Code, § 245, subd. (a)) and possession of a sawed-off shotgun (Pen. Code, § 12020). The information also alleged he used a firearm during the assault in violation of Penal Code section 12022.5 and that he had suffered two prior felony convictions for violating Penal Code section 12020.

After denial of his motion to set aside the information pursuant to Penal Code section 995, Hartsell admitted the two prior felony convictions and went to trial before a jury. He was found guilty of assault with a deadly weapon as charged in count One of the information, with a finding he had used a firearm in the commission of the offense. The jury found him not guilty of count Two (possession of a sawed-off shotgun).

Hartsell's motion for a new trial, his probation hearing and sentencing were all set for August 16, 1972. On that date the trial court denied his motion for new trial and ruled against probation. Consistent with the

jury's verdict, it found Hartsell had used a firearm in the commission of the assault. He was sentenced to prison for the term prescribed by law.

The court made no mention of the two prior felony convictions, formal arraignment for the pronouncement of judgment having been waived at the suggestion of the court. No reference to the prior convictions can be found in the reporter's transcript of the oral proceedings when judgment was pronounced, in the clerk's minutes of those proceedings, or in the copy of the judgment of conviction filed in the case pursuant to Penal Code section 1207. Nevertheless, the abstract of judgment, signed and filed the same date, certified that a judgment of conviction had been entered against Hartsell showing he had been convicted of assault with a deadly weapon, with two prior felony convictions:

"6-19-70 San Diego, California PC 12020 Probation

"7-22-64 San Diego, California PC 12020 Sentence"

Both the judgment and the abstract of judgment recite that Hartsell had used a firearm in the commission of the assault within the meaning of Penal Code sections 1203, 12022.5, 12022 and 3024.

### ERROR IN THE ABSTRACT OF JUDGMENT

On appeal Harstell claims two errors adversely affecting him in the abstract of judgment. ■ First, he correctly points out that no additional penalty can be assessed against him under Penal Code sections 3024 and 12022 for being armed with a deadly weapon because the crime of which he was convicted, assault with a deadly weapon, includes being armed with a deadly weapon as an essential element of the offense. (*People* v. *Floyd,* 71 Cal.2d 879, 883 [80 Cal.Rptr. 22, 457 P.2d 862]; *People* v. *Cervantes,* 13 Cal.App.3d 587, 595 [91 Cal.Rptr. 691].) The Attorney General concedes sections 3024 and 12022 are inapplicable, and the judgment and the abstract of judgment will be appropriately modified.

Hartsell's major attack on the abstract of judgment centers upon its inclusion of his two prior felony convictions. ■ Relying on *In re Candelario,* 3 Cal.3d 702 [91 Cal.Rptr. 497, 477 P.2d 729], and pointing out that no mention was made of the prior convictions by the trial judge when judgment was pronounced or in the judgment of conviction which was entered in the minutes pursuant to Penal Code section 1207, he maintains the court was without jurisdiction to modify the judgment as pronounced and entered by including the prior convictions in the abstract of judgment. We agree.

■ After conviction of a felony and where probation is denied, the court must pronounce judgment upon the defendant by imposing a fine or a sentence of imprisonment. (Pen. Code, §§ 1191, 1193, 1202 and 1203.) ■ Judgment must be pronounced orally in the presence of the defendant, and it must reflect the court's determination of the matter before it. (*People* v. *Blackman,* 223 Cal.App.2d 303, 307 [35 Cal.Rptr. 761].) ■ The pronouncement of judgment is a judicial act (*In re Larsen,* 44 Cal.2d 642, 647 [283 P.2d 1043]), and is to be distinguished from the ministerial act of entering the judgment as pronounced in the minutes or records of the court. (*People* v. *Blackman, supra,* 223 Cal. App.2d 303, 307.)

■ If the judgment entered in the minutes fails to reflect the judgment pronounced by the court, the error is clerical, and the record can be corrected at any time to make it reflect the true facts. (*In re Candelario, supra,* 3 Cal.3d 702, 705; *People* v. *Schultz,* 238 Cal.App.2d 804, 807 [48 Cal. Rptr. 328].) ■ Judicial error in the pronouncement of judgment, however, can only be corrected in two circumstances: (1) where the judgment as pronounced is not merely erroneous but void for lack of jurisdiction (*People* v. *Blume,* 183 Cal.App.2d 474, 477 [7 Cal.Rptr. 16]; *In re Robinson,* 142 Cal.App.2d 484, 486 [298 P.2d 656]; Witkin, Cal. Criminal Procedure, Judgment and Attack in Trial Court, § 634, p. 622); and (2) where the modification of the judgment as pronounced is made before the judgment is entered in the minutes and before the defendant is placed under the restraint of his sentence (*People* v. *Thomas,* 52 Cal.2d 521, 529-532 [342 P.2d 889]; *People* v. *McAllister,* 15 Cal.2d 519, 524 [102 P.2d 1072]; Witkin, Cal. Criminal Procedure, Judgment and Attack in Trial Court, § 635, p. 623).

■ Where a prior conviction of a felony has been alleged in connection with a felony charge and has been established by the evidence or admitted by the defendant, the trial court has the discretion at sentencing to strike or dismiss the prior conviction or to impose a sentence enhanced by it. (*People* v. *Burke,* 47 Cal.2d 45, 51 [301 P.2d 241].) The inclusion of Hartsell's prior convictions in the abstract of judgment substantially increases the minimum term of his sentence (Pen. Code, § 3024). Even though he admitted the prior convictions at the beginning of his trial, it was the court's duty to include them in its pronouncement of judgment if they were to be given legal effect.[1] As the Supreme Court stated in *In re*

---

[1]See Los Angeles Superior Court Criminal Trial Judges' Bench Book, chapter 10, page 452: "Rendition of judgment is an oral pronouncement. . . . The judge must specifically recite whether the defendant was armed or suffered a prior conviction."

*Candelario, supra,* 3 Cal.3d 702, at pages 706-707: "Reference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, in the absence of evidence to the contrary, it may be inferred that the omission was an act of leniency by the trial court. In such circumstances the silence operates as a finding that the prior conviction was not true. [Citation.] Even when, as in the present case, the defendant admits the prior conviction before trial, the court is not compelled to make a finding on the charge. [Citation.] '[B]eing silent upon the matter of a prior conviction, the judgment must be construed as one imposing a sentence for a first offense only.' [Citation.] It cannot be presumed in every case, therefore, that failure of the court to include the prior conviction in the judgment is inadvertent clerical error." The record of the proceeding during which judgment was pronounced by the court is silent with respect to Hartsell's prior felony convictions as is the judgment of conviction filed in the case pursuant to Penal Code section 1207.[2]

■ The abstract of judgment is not the judgment of conviction. By its very nature, definition and terms (see Pen. Code, § 1213.5) it cannot add to or modify the judgment which it purports to digest or summarize. While the abstract of judgment under consideration certified that it is a "true and correct abstract of the judgment duly made and entered on the minutes" of the court, to the extent that it includes reference to Hartsell's prior felony convictions, it does not correctly reflect either the judgment pronounced by the court or the judgment of conviction entered in the minutes. Reference in the abstract of judgment to Hartsell's prior felony convictions should be stricken because the prior convictions were not included in the judgment pronounced by the court or entered in the court's minutes.

The Attorney General suggests we should remand the case for resentencing if the sentencing procedures followed were deficient. He argues that nothing in the record indicates the trial judge omitted reference to the prior convictions as an act of leniency. We reject the suggestion for two reasons. First, under the cases we have cited, the judgment must be

---

[2]The judgment of conviction filed in the case does state: "The sentence is to be served concurrently with any prior incomplete sentences." The statement is not dispositive of the charged priors and would have been appropriate whether the court had stricken and dismissed them or had imposed an enhanced sentence because of them. Nor does it comply with Penal Code section 1207 which states: "When judgment upon a conviction is rendered, the clerk, or if there is no clerk, the judge, must enter the same in the minutes, stating briefly the offense for which the conviction was had, *and the fact of a prior conviction, if any.* A copy of the judgment of conviction shall be filed with the papers in the case." (Italics added.)

construed as one imposing a sentence for a first offense only, because it is silent upon the matter of prior convictions. Second, if error occurred in the pronouncement of judgment with respect to the prior convictions, the error was judicial and not clerical. **(2b)** Since the judgment as pronounced was not in excess of the court's jurisdiction and has been entered in the minutes, and since the defendant has already been subjected to the restraint of his sentence, the trial court is without jurisdiction to modify or change its judgment (*People* v. *Blume, supra,* 183 Cal.App.2d 474, 477; *People* v. *Thomas, supra,* 52 Cal.2d 521, 529-532; *People* v. *McAllister, supra,* 15 Cal.2d 519, 524).

The pronouncement of judgment is an important part of a criminal case. In a very real sense it involves the judicial function to a greater degree than any other step in the criminal process. It is not an area which lends itself well to short-cuts and time-saving devices. Had the trial court arraigned Hartsell for judgment as provided by section 1200 of the Penal Code,[3] rather than seeking and obtaining his waiver of arraignment, the prior convictions, and the fact he had admitted them, would have been brought to mind and doubtlessly would have been dealt with positively rather than by omission. Several cases have recently come to our attention where courts have failed to dispose of prior convictions at sentencing. In most of them a waiver of arraignment for judgment was sought and obtained from the defendant. The few minutes saved in the trial court by using this device do not make up for the man-hours spent at the appellate level in resolving the problems resulting from its use.

### OTHER CONTENTIONS

There is no merit to Hartsell's claim the trial court erred in denying his motion to quash the information. As the magistrate observed, a veritable chain of evidence provided probable cause to believe Hartsell had committed the aggravated assault. The evidence at the preliminary hearing showed:

On the evening of March 5, 1972, Daniel Anderson was tending bar for 15 or more customers in the Seaside Inn in the beach area of San Diego, when about 10 or 11 p.m. two men entered. One was a tall blond wearing a light-colored jacket; the other was shorter and darker, had shoulder-length dark hair and a black beard and wore a jean-type jacket

---

[3]See *In re Basuino,* 22 Cal.2d 247, 250, 255 [138 P.2d 297], where the recital of the defendant's admission of his prior felony conviction during the arraignment for judgment was held to be a sufficient reference to the conviction during the pronouncement of judgment.

with the sleeves cut out. Before long a fight developed. The bearded man grabbed Bruce Smith, pushed him against the wall and shoved a short-barreled gun in his face. As Smith struggled and pushed it away, two shots were fired, the second shattering the front window of the bar. The bartender ran to the telephone to call the police and the two intruders escaped.

Police Officer Osborn was in the vicinity and heard the shots, then noticed both a motorcycle and a red Mustang automobile heading southbound away from the Seaside Inn at a high rate of speed. Thinking the motorcycle had come from the Inn, Osborn pursued and stopped it. The rider identified himself as Hollenbeck and exclaimed, "The Angels were shooting up the Seaside Inn." Osborn put Hollenbeck in the police car and returned to the bar to investigate.

The officer learned Smith had been shot. He had gunpellets in his neck and required eight stitches in his finger. The bartender described the assailant's black hair and beard and reported he was "flying colors" of the Hells Angels. The other witnesses gave Osborn a detailed description of the man's jacket: the back was inscribed "Hells Angels" across the top and "Dago" across the bottom; the front was inscribed "V. P. Dago." From this information Osborn concluded the assailant was vice president of some organization. From his past contacts in the beach area he knew the vice president of the Hells Angels to be defendant Jason Hartsell. Hollenbeck told Osborn there were two men and a girl in the red Mustang and described the vehicle as a 1965 fastback.

Osborn immediately broadcast a report of the shooting, describing the suspect vehicle as a red 1965 Mustang containing two males, one known as Jason Hartsell, and a female.

Officer Harn heard the broadcast and, knowing where Hartsell lived, immediately went to the 3400 block of Del Rey. Soon the red Mustang drove up and parked; Hartsell, a girl and another man exited. Officer Harn ordered them to stop. Hartsell stopped, saw the officer, then began to walk away. Again ordered to stop, Hartsell turned and ran, disappearing between a building and a fence. The officer saw Hartsell was wearing a dark jacket with a Hells Angels emblem on the back and was carrying a sawed-off rifle or shotgun.

Officer Palomino also went to the Del Rey address in response to the police call. He found Hartsell crawling through some bushes in a field area, shined his light on him and ordered him to halt. Again Hartsell tried to run but Palomino placed him under arrest. Palomino saw another of-

ficer pick up a Hells Angels jacket from the area next to Hartsell. It had "V. P. Dago" written on the left front side and "Hells Angels" on the back.

At the preliminary hearing neither the bartender nor the victim identified Hartsell as the assailant. In fact both testified they had not seen Hartsell before. Anderson said "the similarity of the size is there and so forth" but Smith testified his assailant was tall and thin. It was apparent that both Anderson and Smith were reluctant witnesses. Officer Osborn testified Smith had told him that he knew who shot him but didn't want to talk for fear the man would take action against him. Smith denied making any such statement. Anderson had known Hartsell before he grew the beard, but stated the lighting was poor in the bar and that he had seen the assailant from a side view only.

Evidence is sufficient to justify a prosecution if it provides some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. (*Rideout* v. *Superior Court,* 67 Cal. 2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197].) This court will not inquire into the sufficiency of the circumstantial evidence presented at Hartsell's preliminary hearing. In considering the propriety of a motion under Penal Code section 995 a reviewing court may not substitute its judgment as to the weight of the evidence for that of the magistrate. (*Rideout* v. *Superior Court, supra; People* v. *Lee,* 20 Cal.App.3d 982, 986-987 [98 Cal.Rptr. 182]; *People* v. *Vermouth,* 20 Cal.App.3d 746, 756 [98 Cal.Rptr. 65].) From the evidence recited above, the magistrate could reasonably entertain a strong suspicion the assault had been committed by Hartsell. That was all that was required to hold him for trial. The motion was properly denied.

Shortly after the trial began, the district attorney learned for the first time that a TV news film had been taken of Hartsell in the police car on the night of the arrest, and that Anderson had seen the film and had identified the person depicted as the one who had committed the assault in his bar. Officer Hildreth, to whom Anderson had made the identification, had made no report on the matter, and the existence of the film and the fact of the identification by Anderson was not disclosed to Hartsell's attorney during informal pretrial discovery. Over objection by the defense and after a lengthy hearing, the court permitted the film to be shown to the jury. Anderson then identified the man in the film as the assailant on the night in question.

On appeal Hartsell claims this evidence should have been excluded because it was not revealed to his attorney during the informal pretrial discovery. He relies on *People* v. *Campbell,* 27 Cal.App.3d 849, 854-

858 [104 Cal.Rptr. 118], which upheld a similar contention but rejected reversal of the defendant's conviction for lack of prejudice.

The evidence was admitted in the instant case after a lengthy hearing during which Hartsell's attorney was given ample opportunity to cross-examine both Anderson and Hildreth respecting the film. The disclosure came early in the trial and Hartsell had time to make an independent investigation. There was no evidence either the district attorney or the police were acting in bad faith, and Hartsell made no showing that nondisclosure had prejudiced the preparation of his defense.

Even if it was error to admit the film and the testimony, it was not prejudicial in view of the other overwhelming evidence against Hartsell. We find no reasonable probability that a result more favorable to Hartsell would have been reached if the film and the testimony had been excluded. (*People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243].)

The statement in the judgment and in the abstract of judgment reciting that Hartsell had used a firearm in the commission of the assault within the meaning of Penal Code sections 1203, 12022.5, 12022 and 3024 is stricken, and the following is inserted in its place: "Defendant used a firearm in the commission of the offense within the meaning of Penal Code sections 1203 and 12022.5, but Penal Code sections 12022 and 3024 are not applicable." The reference to Hartsell's felony convictions in 1964 and 1970 in the abstract of judgment is stricken.

As modified, the judgment is affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 18, 1973. McComb, J., Burke, J., and Clark J., were of the opinion that the petition should be granted.