10 Cal.Rptr.3d 444 (2004)
116 Cal.App.4th 394
In re SHEENA K., a Person Coming Under the Juvenile Court Law.
The People, Plaintiff and Respondent,
v.
Sheena K., Defendant and Appellant.
No. B167626.
Court of Appeal, Second District, Division Two.
March 2, 2004.
Review Granted June 9, 2004.
*445 Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Ana R. Duarte and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.
NOTT, Acting P.J.
Sheena K., a minor, appeals from an order declaring her a ward of the court pursuant to Welfare and Institutions Code section 602 by reason of her having committed misdemeanor battery (Pen.Code, § 242).[1] The juvenile court committed appellant to the supervision of the probation officer for placement in the Camp Community Placement Program for a minimum of 14 weeks under specified terms and conditions, including that she (1) not associate with anyone disapproved of by her probation officer, (2) not use or possess dangerous or deadly weapons, and (3) not remain with any person known to be unlawfully armed. Appellant's sole contention is that these conditions are vague and overbroad, violating her federal and state constitutional rights to due process, to travel, to associate and to assemble, and must therefore be modified to require that she know the persons with whom she cannot associate *446 and the weapons she cannot use or possess.
We conclude that the probation condition that appellant not associate with anyone disapproved of by the probation officer is unconstitutionally vague and overbroad. Accordingly, we modify the judgment and otherwise affirm.

FACTS
On September 26, 2002, at approximately 5:30 p.m., appellant returned to a table in the dining facility, at Maclaren Childrens Center, in El Monte, where she had been sitting, and found that Diane N. had sat down at that table. Appellant demanded that Diane give up her seat, but she refused. Julie Nwosu, a children's social worker (CSW) employed at Maclaren, told Diane to remain in her seat and appellant to change tables if she did not wish to sit with Diane. Appellant remained in her seat. Appellant and Diane began yelling at each other, calling each other names. Appellant poured salad dressing on Diane's hair and face.
Carla Coleman, another CSW employed at Maclaren, told appellant to move away from Diane, who was Coleman's "one on one."[2] Appellant and Coleman did not get along, and group leaders had told them to stay away from each other. Appellant walked up to Coleman, pointed her finger at her, began calling her names such as "fat bitch" and "yellow bitch," and told her to, "Get your ass out of my face." Coleman lost her footing and shoved appellant. Appellant responded by punching Coleman in the face and pulling her hair. Coleman and Nwosu restrained appellant.
Appellant's version of events differed. She testified that she was standing, and Coleman approached her to tell her to leave Diane alone, pushing her against a wall where she hit her head. Appellant pushed Coleman back, and they grabbed each other. Coleman hit appellant with her left fist, cutting appellant's lip. Appellant denied calling Coleman names, hitting her or pulling her hair. She only pushed her and yanked her arm from Coleman's grip.

DISCUSSION
The juvenile court found appellant to be a person described in section 602 of the Welfare and Institutions Code and placed her in the Camp Community Placement Program under the supervision of a probation officer subject to the probation conditions announced by the court at the dispositional hearing, including that (1) she "not associate with anyone disapproved of by probation. Specifically do not participate in any type of street gang activity;" (2) she "not use or possess any dangerous or deadly weapons"; and (3) she "not remain with anyone [she] know[s] is unlawfully armed."[3] She did not object to any of these conditions in the trial court.
Appellant contends that these conditions are unconstitutionally overbroad. She argues that the conditions that she not associate with anyone disapproved by her probation officer or anyone" unlawfully armed" infringe on her freedom of association, right to travel and right to assemble. She also argues that the condition that she not use or possess a deadly or dangerous weapon is unconstitutionally vague because *447 it cannot reasonably be determined what objects constitute such weapons. She urges that these conditions must provide that she have knowledge of whom the probation officer disapproves, who is unlawfully armed and what is a deadly or dangerous weapon.

Waiver
Respondent contends that because appellant did not object to these conditions in the juvenile court, she waived her appellate challenge to them. It argues that, in any event, "[r]easonably read, `do not associate with anyone disapproved by probation' implies that the person appellant is to refrain from associating [sic] has already been disapproved by probation, and that appellant is aware of the disapproval."
Our Supreme Court has indicated that constitutional objections must be interposed in the trial court in order to preserve them for appeal. (See People v. Williams (1997) 16 Cal.4th 153, 250, 66 Cal.Rptr.2d 123, 940 P.2d 710.) The purpose of this waiver doctrine "`is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had....'" (People v. Walker (1991) 54 Cal.3d 1013, 1023, 1 Cal.Rptr.2d 902, 819 P.2d 861.)
In People v. Welch (1993) 5 Cal.4th 228, 19 Cal.Rptr.2d 520, 851 P.2d 802 (Welch) the California Supreme Court applied the waiver doctrine to challenged conditions of probation. There, the defendant was sentenced to probation on the terms and conditions in the probation report. The defendant failed to object in the trial court to the conditions. On appeal, the defendant urged that the conditions were improper on Bushman/Lent grounds[4] and that his failure to object in the trial court did not preclude appellate review because the type of error constituted an "`unauthorized sentence,'" entered "`in excess of jurisdiction'" and thus could be raised at any time. (Id. at p. 235, 19 Cal.Rptr.2d 520, 851 P.2d 802.) The Supreme Court held that the failure to timely challenge the reasonableness of a probation condition on Bushman/Lent grounds waived the claim on appeal because a timely objection discouraged imposition of invalid conditions and reduced costly appeals brought on that basis. (Ibid.) It excluded from this general waiver rule claims challenging probation conditions involving "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." (Ibid.) Thus, Welch dealt with unreasonable and inappropriate conditions that should not have been imposed because they failed to relate to the defendant's offense, did not relate to future criminality and regulated non-criminal conduct.
Our colleagues in Division Four of this court, in In re Justin S. (2001) 93 Cal.App.4th 811, 113 Cal.Rptr.2d 466 (Justin S.), had occasion to consider the application of Welch to a minor's failure to object in the trial court to a probation condition *448 that a defendant not "`associate with any gang members and anyone disapproved of by parent(s)....'" (Justin S., at p. 813, 113 Cal.Rptr.2d 466.) On appeal, the minor challenged the condition as vague and overbroad. The Court of Appeal concluded that while the Welch holding applied to juvenile proceedings, it was limited to probation conditions challenged on the ground that they were unreasonable. Welch did not apply to the condition with which it was faced which was a "`pure question[ ] of law that can be resolved without reference to the particular sentencing record developed in the trial court'" (Justin S., at pp. 814-815, 113 Cal.Rptr.2d 466, quoting from Welch, supra, 5 Cal.4th at p. 235, 19 Cal.Rptr.2d 520, 851 P.2d 802) and thus did not require a prior objection to the condition in the trial court.
We conclude that the claims asserted here have not been waived because, similar to Justin S., they present pure questions of law that can be resolved without regard to the sentencing record in the trial court and are not therefore within the waiver rule announced in Welch. Furthermore, unlike in Welch, appellant does not contend that the probation conditions are unreasonable under Bushman/Lent and therefore improperly imposed. Rather, she does not dispute the propriety of the subject matter of the conditions but only claims that they must be modified so as not to infringe on her constitutional rights.
Respondent's reliance on In re Josue S. (1999) 72 Cal.App.4th 168, 84 Cal.Rptr.2d 796 is misplaced. In that case, the Court of Appeal found Welch controlling because the probation condition involved was challenged on the ground that it bore no reasonable relationship to the facts underlying the wardship, a Bushman/Lent ground. This was the very type of challenge that Welch concluded required objection in the trial court to preserve for appeal. That is not the type of challenge mounted here.

Validity of conditions.
The trial court has broad discretion to impose conditions on probation. (§ 1203.1.) Section 1203.1, subdivision (j) provides in part: "The court may impose and require any or all of the above-mentioned terms of imprisonment, fine, and conditions, and other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer, ..."
But the trial court's discretion is not boundless. (People v. Garcia (1993) 19 Cal.App.4th 97, 101, 23 Cal.Rptr.2d 340.) "[T]he void for vagueness doctrine applies to conditions of probation. [Citations.] An order must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." (People v. Reinertson (1986) 178 Cal.App.3d 320, 324-325, 223 Cal.Rptr. 670.) "Regarding the claim of constitutional invalidity, we agree conditions of probation that impinge on constitutional rights must be tailored carefully and `reasonably related to the compelling state interest in reformation and rehabilitation....' [Citation.]" (People v. Delvalle (1994) 26 Cal.App.4th 869, 879, 31 Cal.Rptr.2d 725.)

A. Condition not to associate with anyone disapproved of by probation officer.
Appellant contends that "[t]he probation condition limiting appellant's ability to associate with any disapproved person, without including a requirement that appellant know that the person is so disapproved, *449 violates appellant's constitutional rights to associate, travel and assembly [sic]." She argues that she cannot travel for risk of coming into contact with disapproved persons. We agree that this condition is unconstitutionally overbroad and vague.
Provisions restricting the rights of a probationer to associate have been found improper where they fail to provide adequate guidance as to the individuals with whom the probationer can, and cannot, associate. In Justin S., supra, 93 Cal.App.4th 811, 113 Cal.Rptr.2d 466, the Court of Appeal found a prohibition of a minor's association with "any gang members" to be unconstitutionally overbroad. The Court of Appeal stated: "Prohibiting association with gang members without restricting the prohibition to known gang members is `"a classic case of vagueness."' [Citation.] Such a condition of probation `suffers from constitutionally fatal overbreadth.'" (Id. at p. 816, 113 Cal.Rptr.2d 466.) The appellate court narrowed the condition to preclude the juvenile from associating with persons known by him to be associated with a gang. In People v. Garcia, supra, 19 Cal.App.4th at page 102, 23 Cal.Rptr.2d 340, the Court of Appeal found a probation condition that the probationer not associate with any felons, ex-felons or users or sellers of narcotics to be unconstitutionally overbroad and violative of the probationer's freedom of association. In In re Kacy S. (1998) 68 Cal.App.4th 704, 708, 80 Cal.Rptr.2d 432, the Court of Appeal found that the record did not justify the sweeping limitation effected by a probation condition similar to that presented here; that a probationer "`not associate with any persons not approved by his probation officer.'"
While it is true, as respondent asserts, that in In re Frank V. (1991) 233 Cal.App.3d 1232, 285 Cal.Rptr. 16, the Court of Appeal sustained a probation condition similar to that involved here, the court noted that the trial court elaborated on those conditions indicating that the persons with whom the probationer was precluded from associating were those who his parents and the probation officer "tell you ... that you can't hang out with." (Id. at pp. 1241-1242, 285 Cal.Rptr. 16, italics added.)
We conclude that the vagueness and overbreadth here is beyond constitutionally tolerable limits. It is because of the breadth of the probation officer's power to virtually preclude the minor's association with anyone, that the minor must be advised in advance of those who the minor must avoid.
In any event, it is unclear why respondent even objects to the modification of the probation condition. As respondent concedes, that "reasonably read, [the condition] implies that the person appellant is to refrain from associating [with] has already been disapproved by probation, and that appellant is aware of the disapproval." If implied, modifying the judgment to expressly reflect the limitation can only have a beneficial effect. As aptly stated in People v. Garcia, supra, 19 Cal.App.4th at page 102, 23 Cal.Rptr.2d 340: "[T]he rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights, lead us to the conclusion that this factor should not be left to implication."

B. Condition not to "have any dangerous or deadly weapon."
Appellant asserts that the condition that she "not use or possess any dangerous or deadly weapons" is overbroad and vague, as any item can be a dangerous weapon if so used. She argues that she would have no idea which specific items *450 are included "in that seemingly endless list." This contention lacks merit.
"The concept of unconstitutional vagueness is related to the concept of unconstitutional overbreadth.... The underlying concern of the vagueness doctrine is the core due process requirement of adequate notice: [¶] `"No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids." [Citations.] The operative corollary is that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." [Citation.]['] [¶] ... [¶] A probation condition is subject to the `void for vagueness' doctrine, and thus `must be sufficiently precise for the probationer to know what is required of him....' [Citations.]" (People v. Lopez (1998) 66 Cal.App.4th 615, 630, 78 Cal.Rptr.2d 66.) But "if the terms have a plain commonsense meaning, which is well settled, the statute is not vague." (People v. Rodriquez (1975) 50 Cal.App.3d 389, 398, 123 Cal.Rptr. 185.) In Rodriquez, the court found the meaning of the term "deadly weapon" to be well settled.
We conclude that people of common intelligence know what is a deadly or dangerous weapon. While it is true that many objects, as appellant asserts, are not "inherently dangerous" but have been found to be deadly weapons,[5] those items became dangerous only by the manner in which they were used. Thus, if the user takes a stone and intends to hit someone in the head with it, the stone becomes a deadly or dangerous weapon. What makes these objects dangerous weapons is the intention of the user, which intention the user obviously knows and of which he or she cannot claim ignorance. With regard to inherently dangerous objects such as guns, the meaning of dangerous or deadly weapon is sufficiently precise so that a person of ordinary intelligence should know their character and thus passes constitutional muster.

C. Condition not to "remain in presence of any unlawfully armed person."
Appellant asserts that restricting her from associating with any unlawfully armed person interferes with her right to associate, assemble and travel. She argues that "the court has ordered her not to associate with any unlawfully armed person, [but] there is no requirement that appellant be aware that the person is so armed, [rendering the condition] vague and overbroad." Appellant is incorrect. The judgment provides that she must know that a person is unlawfully armed.
Rendition of judgment is an oral pronouncement. (People v. Mesa (1975) 14 Cal.3d 466, 471, 121 Cal.Rptr. 473, 535 P.2d 337.) Entry of judgment in the minutes is a clerical function. (§ 1207.) Entering judgment in the minutes being a clerical function, a discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably a clerical error. (People v. Mesa, supra, at p. 471, 121 Cal.Rptr. 473, 535 P.2d 337.) If the judgment as entered in the minutes fails to reflect the judgment pronounced by the court, the error is clerical, and the record can be corrected at any time to make it reflect the true facts. (People v. *451 Hartsell (1973) 34 Cal.App.3d 8, 13, 109 Cal.Rptr. 627.)
Here, at the time the trial court pronounced judgment, it stated that appellant could not "remain with anyone you know is unlawfully armed." (Italics added.) The check-the-box form minute order states contrariwise that she cannot "remain in the presence of any unlawfully armed person." The trial court's oral pronouncement is the judgment and requires no modification as it includes the very language appellant seeks. The minute order shall be amended to reflect the correct judgment.

DISPOSITION
The minute order for the dispositional hearing is modified to provide that appellant cannot "remain in the presence of anyone she knows to be unlawfully armed." The condition in the judgment that appellant refrain from associating with anyone disapproved by the probation officer is modified to provide that appellant is to refrain from associating with anyone known by appellant to be disapproved by the probation officer. In all other respects, the judgment is affirmed.
We concur: DOI TODD and ASHMANN-GERST, JJ.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] A "one-on-one" is a highly suicidal child.
[3] The language of the conditions as set forth in the minute order of the dispositional hearing differs from that orally announced by the court at the hearing. With regard to the condition that appellant not remain in the presence of any unlawfully armed person, the minute order omitted the trial court's language that appellant must "know" that the person is unlawfully armed.
[4] People v. Lent (1975) 15 Cal.3d 481, 486, 124 Cal.Rptr. 905, 541 P.2d 545 and In re Bushman (1970) 1 Cal.3d 767, 83 Cal.Rptr. 375, 463 P.2d 727, disapproved of in People v. Lent at page 486, footnote 1, 124 Cal.Rptr. 905, 541 P.2d 545, each found the same three requirements for a probation condition to be invalid: (1) it must have no relationship to the crime of which the offender was convicted, (2) it must relate to conduct which is not in itself criminal, and (3) it must require or forbid conduct which is not reasonably related to future criminality. Lent, however, disapproved of Bushman's use of the disjunctive, "or," between the three conditions and instead used the conjunctive, "and." In other words, Lent mandates that all three requirements be met for a probation condition to be invalid.
[5] As appellant points out, among these items are a pillow, a razor blade, an automobile, a large rock and a fingernail file. (See In re Jose R. (1982) 137 Cal.App.3d 269, 276, fn. 3, 186 Cal.Rptr. 898.)