Filed 2/25/14  P. v. De La Cruz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072690 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F07147) |
| v. | |
| ALFONSO VALERIANO DE LA CRUZ, | |
| Defendant and Appellant. | |

A jury found defendant Alfonso Valeriano De la Cruz guilty of six felonies and one misdemeanor.  In a previous appeal, we reversed defendant's conviction on one felony conviction -- assault with a deadly weapon on a peace officer (count seven) -- and remanded the matter to the trial court for resentencing.  (*People v. De la Cruz* (July 27, 2012, C067947) [nonpub. opn.].)

Following his resentencing on remand, defendant brings the instant appeal.  He contends that the abstract of judgment and minute order of sentencing must be amended to conform to the trial court's oral pronouncement of sentence on resentencing.  The

1

People concede that the abstract of judgment and minute order of sentencing must be corrected and we agree that both should be corrected as urged by the parties.

DISCUSSION

I

*Correction is Required to Reflect that Sentences on Counts Three, Five and Six were Stayed*

At the resentencing hearing, the trial court imposed sentences on counts three (assault with a deadly weapon), five (firing from a vehicle), and six (flight from officers) but ordered those sentences to be stayed pursuant to Penal Code section 654.[1] The abstract of judgment fails to reflect the trial court's order that the sentences for those three convictions be stayed. The minute order reflects the trial court's order that the sentences on counts three and five be stayed, but not on count six.

The parties agree the minute order and abstract of judgment should be corrected to reflect the court's intention to stay the sentences imposed on counts three, five and six pursuant to Penal Code section 654.[2] A discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) The act of entering the judgment is ministerial. If the judgment fails to reflect the court's pronounced judgment, the record can be corrected at any time to reflect the actual oral judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Hartsell* (1973) 34 Cal. App.3d 8, 13.)

We agree with the parties the court erred in imposing concurrent sentences on counts three, five and six before ordering the sentences stayed. " 'It has long been established that the imposition of concurrent sentences is precluded by section 654

---

[1] The court correctly noted that this court had reversed defendant's conviction on count seven, and imposed no sentence on that count.

[2] Undesignated statutory references are to the Penal Code.

2

[citations] because [under such a sentence] the defendant is deemed to be *subjected* to the term of *both* sentences although they are served simultaneously.' [Citations.]" (*People v. Duff* (2010) 50 Cal.4th 787, 796, original italics; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1468 ["Imposition of concurrent sentences is not the correct method of implementing section 654, because a concurrent sentence is still punishment."].) Rather than imposing concurrent sentences, when a court determines that a conviction falls within the meaning of section 654, it is necessary to impose sentence but to stay the execution of the duplicative sentence. (*People v. Duff, supra,* 50 Cal.4th at p. 796.)

II

*Correction is Required to Reflect the Date of the Resentencing Hearing*

The parties also agree that the abstract of judgment should be corrected to reflect that the hearing on resentencing was conducted on December 7, 2012. It currently reflects a hearing date of April 15, 2011, the date of defendant's original sentencing.

III

*Correction is Required to Reflect the Trial Court's Calculation of Custody Credit*

At resentencing, the trial court recalculated defendant's custody credits as follows: "Up to the time of initial sentencing on April 15th, 2011, the defendant had time served and good time/work time credits totaling 657 days as reflected in the initial sentencing. From April 15th, 2011, to today, he has earned an additional 603 days['] credit for a total credit of 1260 days through today. [¶] From this point forward, credits will be determined and awarded by the Department of Corrections."

DISPOSITION

The trial court shall prepare an amended minute order of the December 7, 2012, resentencing hearing to reflect that the sentence imposed on count six was stayed pursuant to section 654, and deleting any reference to the imposition of concurrent or consecutive sentences on counts three, five or six.

3

The trial court shall also prepare an amended abstract of judgment to reflect the resentencing hearing at which defendant was sentenced occurred on December 7, 2012; to reflect box 13b is checked to note sentence was imposed at the resentencing hearing following a decision on appeal; the sentences imposed for defendant's convictions on counts three, five and six were neither ordered to be served concurrently nor consecutively, but were ordered stayed pursuant to section 654; and the trial court awarded defendant a total of 1260 days' custody credit through December 7, 2012.

As amended, the judgment is affirmed. The trial court shall transmit a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                         NICHOLSON     , Acting P. J.

We concur:

       HULL           , J.

       HOCH          , J.