Filed 6/5/14  In re K.X. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re K.X., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> K.X., <br><br> Defendant and Appellant. | F068054 <br><br> (Super. Ct. No. 12CEJ600702-2) <br><br> **OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Cornell, Acting P.J., Gomes, J., and Detjen, J.

# INTRODUCTION

On April 26, 2013, a petition was filed pursuant to Welfare and Institutions Code section 602,[1] alleging that appellant, K.X., committed attempted second degree commercial burglary, a misdemeanor (Pen. Code, §§ 664, 459, 460, subd. (b), count 1).

At the conclusion of a contested jurisdiction hearing on July 24, 2013, the juvenile court found the allegation to be true.[2] On August 14, 2013, the juvenile court found appellant to be a ward of the court and placed him on probation upon various terms and conditions. The juvenile court ordered that appellant be placed on an electronic monitor not to exceed 45 days and perform 75 hours of community service. The court authorized the probation department to permit appellant to perform up to 50 hours of community service for any violations of probation.

Among the conditions of probation ordered by the juvenile court were that appellant obey all laws, "not to consume any alcoholic beverage," "not to use or possess illegal narcotics or other controlled substances, related paraphernalia or poisons," and "not to possess any property with the knowledge that such property is stolen." The court's minute order concerning the possession of stolen property was slightly different than the order pronounced at the disposition hearing: the minor was "[n]ot to possess property without consent of owner or have knowledge that such property is stolen."

Appellant contends the trial court's conditions of probation prohibiting drug and alcohol use and the written prohibition for possessing stolen property are unconstitutionally vague and overbroad because they all lack a requirement that appellant has knowledge that he is violating the condition.

---

[1]   Unless otherwise noted, subsequent statutory references are to the Welfare and Institutions Code.

[2]   The jurisdiction hearing began on July 16, 2013. The reporter's transcript for the hearing on July 24, 2013, incorrectly sets forth the date of the hearing as February 24, 2013.

## FACTS

At 11:10 a.m. on April 24, 2013, a passing motorist saw appellant and two other minors attempting to enter the snack bar building at Sunnyside High School in Fresno by prying open the door with a pole or a little bar. Appellant was one of the minors trying to gain access to the snack bar. The motorist contacted the police and school officials. When the police officer assigned to the school and school staff arrived, the three minors jumped a fence and fled on bicycles. The motorist followed the minors and identified appellant to the investigating police officer.

## CONDITIONS OF PROBATION

Appellant challenges three conditions of his probation for being unconstitutionally vague and overbroad because they do not have a knowledge requirement.

Our Supreme Court has explained that juvenile courts have wide discretion to select and impose any condition that is reasonable and fitting to accomplish justice as well as reformation and rehabilitation of the minor. Although adult and juvenile probationers share the goal of rehabilitation of the offender, probation for minors is not an act of leniency as it is with adults. A condition of probation that would be unconstitutional for an adult probationer may be permissible for a minor under the supervision of the juvenile court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) The probation condition of urine testing for drugs and alcohol is permissible even when the minor's offense does not involve drugs or alcohol and the minor's social history indicates no drug or alcohol use. (*In re Kacy S.* (1998) 68 Cal.App.4th 704, 709-711.)

Concerning the drug and alcohol conditions of probation, we find that the knowledge, or scienter, element is reasonably implicit in both conditions and so construed provides appellant with due process. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 592-594.)

Regarding the possession of stolen property condition of probation, we are not persuaded that the written condition lacks a knowledge requirement. To the extent that

3

the written provision is different from the condition as pronounced in court, and out of an abundance of caution, we find that the oral provision is controlling over the written provision in the clerk's minute order. This is the nature of a clerical error that can be corrected at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Karaman* (1992) 4 Cal.4th 335, 345, fn. 11; *People v. Hartsell* (1973) 34 Cal.App.3d 8, 13.)

## DISPOSITION

The case is remanded for the juvenile court to amend the clerk's minute order to reflect that appellant's probation condition concerning not possessing stolen property follow the oral pronouncement of the condition as follows: the minor is not to possess any property with the knowledge that such property is stolen. The judgment is affirmed.