Filed 8/18/14  P. v Carmona CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LISA MARIE CARMONA,<br><br>Defendant and Appellant. | C074698<br><br>(Super. Ct. Nos. 09F03733, 13F01300) |

Defendant Lisa Marie Carmona pleaded no contest to assault likely to produce great bodily injury, which resulted in a probation violation.  On appeal, she contends the court erroneously increased restitution fines previously imposed.  She also asks this court to correct various clerical errors in the original probation order and various internal court records (minute orders).  The People agree with defendant as to all her claims.

Our inspection of the record reveals no inappropriate increase in restitution fines by the trial court, only errors in various written orders, including the probation order and abstract of judgment.  We note the disputed fines were not orally ordered imposed or

1

executed, and shall modify the judgment accordingly. For reasons we explain *post*, we decline to order any corrections to the original probation order and minute orders not resulting from the sentence that is the proper subject of this appeal, but will advise the trial court to ensure that its own minutes correctly reflect its orders.

## PROCEDURAL BACKGROUND

*Case No. 09F03733 (drug case)*

Defendant was charged in 2009 with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count one); resisting an officer (Pen. Code, § 148, subd. (a)(1); count two);[1] and driving a vehicle on a suspended or revoked license (Veh. Code, § 14601.5, subd. (a); count three). As to count three, it was further alleged that defendant had suffered three prior convictions. Defendant pleaded no contest to all counts in exchange for dismissal of another case and a stipulated sentence--five years of formal probation with service of 120 days in county jail as a condition thereof. The trial court orally ordered defendant to pay a $200 restitution fine (§ 1202.4, subd. (b)) and a $200 probation revocation fine (§ 1202.44), stayed unless probation was revoked, and waived all discretionary fees. The $200 amount is incorrectly reflected in the resulting order of probation as $400.

*Case No. 13F01300 (assault case)*

In 2013, while still on probation for the drug case, defendant was charged with attempted murder (§§ 664/187, subd. (a); count one); assault by means of force likely to produce great bodily injury (GBI) (§ 245, subd. (a)(4); count two); and criminal threats (§ 422; count three). As to the first two counts, it was alleged defendant had personally inflicted GBI on the victim. (§ 12022.7, subd. (a).) Defendant pleaded no contest to assault with intent to cause GBI and admitted the GBI enhancement in exchange for a

---

[1] Further undesignated statutory references are to the Penal Code.

stipulated sentence of five years state prison and dismissal of all other charges. The trial court found defendant violated her probation in the drug case based on the commission of the new offense. The trial court sentenced defendant to five years in prison; imposed a restitution fine of $280 and an additional parole revocation fine of $280, suspended; imposed a $30 criminal conviction fee and a $40 court operations fee; and waived the main jail booking and classification fees.

As to the probation violation on the drug case, the court sentenced defendant to the stipulated two years concurrent and imposed "no additional fines." The resulting abstract of judgment reflects two separate $400 fines for the drug case--one "now due" for defendant's violation of probation (§ 1202.44) and one suspended unless parole is revoked (§ 1202.45).

Defendant timely appeals.

## DISCUSSION

### I

### *Restitution Fines*

Defendant first challenges the two separate $400 fines appearing in the abstract of judgment and noted above--one "now due" for defendant's violation of probation (§ 1202.44) and one suspended unless parole is revoked (§ 1202.45). As defendant contends, and the People agree, both fines were originally *orally* imposed (with the section 1202.44 fine stayed) in the amount of $200. As we noted *ante*, the $200 amount was incorrectly reflected (in 2009) in the resulting order of probation as $400, an error which apparently influenced the 2013 abstract of judgment, for it contains the same error. These $400 amounts for the fines now due (§ 1202.44) and stayed (§ 1202.45) in the drug case and reflected in the abstract of judgment as relating to "Case B" should be reduced to $200.

Further, because neither of these fines was orally pronounced by the trial court at the 2013 sentencing for the probation revocation, we must modify the judgment to

3

include these fines.  Because the fines are already reflected in the abstract of judgment, but are in the wrong amounts, we direct the abstract be amended to reflect these fines in the correct amounts.  We also direct the trial court to correct the corresponding minute order (dated August 30, 2013) so as to avoid additional confusion.  (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 388 [striking orders not pronounced by court from abstract of judgment and corresponding minute order].)

## II

### *Remaining Contentions*

Defendant next contends that we should order various corrections to the 2009 probation order to accurately reflect the trial court's oral pronouncement of judgment at the time defendant was originally granted probation.  The People agree.  But neither party provides authority for the proposition that we have jurisdiction to order changes to a 2009 order that constituted an appealable order at the time it was made and apparently was never appealed.  (See § 1237, subd. (a).)  We decline to do so.

Similarly, the parties join to request that we order corrections to certain of the trial court's minute orders--its internal records--dated from 2009 through 2013 and apparently containing incorrect references to prior conviction allegations.  Again, they provide no supporting authority.  Again, we decline the request.

Instead, we direct the trial court to ensure that its minute orders accurately reflect the orders made by the trial court.  (See *In re Candelario* (1970) 3 Cal.3d 702, 705 [trial court has inherent authority to correct minute orders]; *People v. Hartsell* (1973) 34 Cal.App.3d 8, 13 [such corrections may be made "at any time"].)

### DISPOSITION

As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment in conformity with this opinion, and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.

4

      DUARTE       , J.


We concur:


      BLEASE      , Acting P. J.


      ROBIE       , J.