Filed 2/29/16  P. v. Jaquez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALBERT P. JAQUEZ,<br><br>        Defendant and Appellant. | A146675<br><br>(San Francisco County<br>Super. Ct. Nos. 2172096, 19669001) |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Counsel asks this court to independently review the record for any arguable issues.  He affirms he has reviewed the matter.  He has also advised appellant of his conclusions and that he has asked this court to engage in an independent review.  Counsel told Jaquez by letter on January 13, 2016, that he can also file a supplemental brief with the court within 30 days if appellant wishes to present information on his appeal.  We have received no supplemental brief from appellant.  We have reviewed the record in this matter and conclude there is no reason to disturb the ruling of the trial court.

**STATEMENT OF THE CASE AND FACTS**

Appellant Jaquez and a codefendant, Eric Ardoin, were convicted of first degree murder after a jury trial.  The judgment was affirmed on appeal in 2011.  (*People v. Ardoin* (2011) 196 Cal.App.4th 102 (*Ardoin*).)

On July 7, 2015, appellant filed a "Motion for the Disposition of Restitution and Direct Fine" in the San Francisco Superior Court.  He requests the court to convert the

restitution fine and victim restitution previously imposed when he was sentenced "into days of imprisonment and run wholly concurrent with my confinement in the California Department of Correction[s] and Rehabilitation beginning with confinement on the 11 day of July 2003." Appellant professes to be indigent and is not able to pay the restitution amount of $2,500 and the victim restitution amount of $3,115.55. He wants the fines converted to days of imprisonment at a rate of $30 per day. He relies on sections 1205, subdivision (a) and 1202.4, subdivision (c) of the Penal Code.

The trial court denied the motion in a written order. The decision filed on September 14, 2015, indicated the court had no jurisdiction to modify a sentence already executed. The court relied on *People v. Thomas* (1959) 52 Cal.2d 521, 529–531 (*Thomas*).

Appellant filed a timely notice of appeal on October 27, 2015.

## DISCUSSION

As a general rule, a trial court has no authority to modify a judgment once the defendant has begun serving his sentence or the sentence is entered in the minutes of the court. (*Thomas*, *supra*, 52 Cal.2d at pp. 529–531.) In this case, appellant was sentenced in July 2008. At the time of sentence, the trial court imposed a restitution fine of $2,500 and victim restitution of $3,511.55. We reviewed his conviction and sentence on appeal, issuing a decision in 2011; the ruling on appeal covered all issues arising from the conviction presented in his brief. (*Ardoin*, *supra*, 196 Cal.App.4th at p. 139.) No challenge was made by appellant to the restitution fine or amount of restitution imposed by the trial court. Furthermore, appellant's petition for review by the California Supreme Court was denied on September 14, 2011. Since his conviction, appellant has been in the custody of the Department of Corrections; the trial court was without jurisdiction once Jaquez was remanded to the custody of the executive, i.e., the Department of Corrections.

The trial court below correctly ruled it was without jurisdiction to review the monetary sanctions imposed on appellant as a result of his conviction. "Ordinarily *no*

*appeal lies* from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal *from the judgment.* [Citations.] In such a situation appeal from the judgment is an adequate remedy; allowance of an appeal from the order denying the motion to vacate would virtually give defendant two appeals from the same ruling and, since there is no time limit within which the motion may be made, would in effect indefinitely extend the time for appeal from the judgment." (*Thomas, supra*, 52 Cal.2d at p. 527, italics added; *People v. Garcia* (1995) 32 Cal.App.4th 1756, 1765.) Jurisdiction is lost once appellant began serving his sentence. (*People v. Hartsell* (1973) 34 Cal.App.3d 8, 13.)

Since the trial court lacked jurisdiction, appellant's request to modify the fines imposed to custodial time was unavailable.

## DISPOSITION

Having noted no other issues presented in this appeal, the judgment is affirmed.

_____
DONDERO, J.


We concur:


_____
MARGULIES, J., Acting P.J.


_____
BANKE, J.

3