Filed 11/5/20  P. v. Davis CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES LEONARD DAVIS,<br><br>    Defendant and Appellant. | D077387<br><br><br>(Super. Ct. No. SCE348117) |


APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Reversed and remanded with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.


James Leonard Davis appeals from his resentencing after remand from our prior decision in this case (Case No. D073408), in which we reversed his

conviction of burglary, vacated his sentence, and remanded the matter to the trial court with directions to permit him to bring a motion to dismiss his serious prior felony conviction under Senate Bill No. 1393.[1] We further directed the trial court "to exercise its discretion as may be appropriate" and to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

Davis contends the trial court erred at the resentencing hearing by (1) failing to orally pronounce the sentence as to all counts, (2) failing to understand and exercise its discretion to revisit all of its sentencing choices, and (3) failing to recalculate custody credits. Davis additionally contends the trial court should be directed to stay punishment under Penal Code[2] section 654 on his assault conviction, which was premised on the same conduct as his conviction for attempted murder, and to prepare an amended abstract of judgment. The People concede and we agree with all of Davis's contentions. Accordingly, we remand for a new sentencing hearing.

---

[1] Davis's notice of appeal states that his appeal is "[f]rom resentencing 2/26/20." In his opening brief, Davis states that his appeal is from a postjudgment order under Penal Code section 1237, subdivision (b). However, he is challenging his sentence, which is deemed to be a final judgment within the meaning of Penal Code section 1237. (See *People v. Arias* (2020) 52 Cal.App.5th 213, 219-220; *People v. Bauer* (1966) 241 Cal.App.2d 632, 635 ["[T]he judgment and the sentence are in fact one in common parlance and contemplation."].)

[2] All further statutory references are to the Penal Code unless otherwise specified.

FACTUAL AND PROCEDURAL BACKGROUND[3]

In February 2015, Davis entered his mother's home and went into her bedroom, carrying a hatchet. He hit her in the forehead and chest with the hatchet and also bit her finger and punched her face. Her nose bled, and she passed out. Davis's stepfather tried to intervene, but Davis resisted. Davis's brother finally separated Davis from his mother and paramedics took her to the hospital, where she remained for two days. Her eyes and face were bruised and swollen, and she suffered a broken nose, two broken toes, and cuts to the forehead. She experienced pain from her injuries for a few weeks after the incident.

Police responded to a call about the incident and observed that Davis appeared to be under the influence of a controlled substance. Police ordered Davis to the ground and used a taser on him but he did not comply. They eventually used a police dog to restrain him. Davis tested positive for methamphetamine.

A jury convicted Davis of attempted murder of his mother (§§ 664, 187, subd. (a) (count 1); burglary (§ 459) (count 2); assault by means likely to

---

[3] The factual and procedural background prior to the resentencing hearing after remand is taken from our prior opinion in Case No. D073408, of which we have taken judicial notice.

3

produce great bodily injury (§ 245, subd. (a)(4)) (count 3)[4]; and resisting a peace officer (§ 148, subd. (a)(1)) (count 5). The jury found that as to count 1, Davis personally used a deadly and dangerous weapon (§§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)) and that as to counts 2 and 3, he personally inflicted great bodily injury upon the victim (§§ 1192.7, subd. (c)(8), 12022.7, subd. (a)). As to count 2 the jury also found that the burglary was of an inhabited dwelling (§ 460, subd. (a)). In bifurcated proceedings, the court found Davis had suffered a serious felony prior conviction (§ 667, subd. (a)(1)) and a strike prior conviction (§§ 1170.2, 667, subds. (b)-(i), 668).

The court denied Davis's motion to strike the strike prior and sentenced Davis to 23 years in state prison as follows: the midterm of seven years doubled to 14 years for the attempted murder; three years on the section 12022.7, subdivision (a) allegation; one year on the deadly weapon enhancement; and five years on the great bodily injury enhancement. The court also sentenced Davis to a concurrent eight-year term on the residential burglary conviction, which it stayed under section 654, and a concurrent four-year term on the assault conviction.

Davis appealed and this court reversed his burglary conviction based on instructional error. The disposition of Davis's prior appeal also vacated his sentence and remanded the matter to the trial court with directions to

---

[4] The opinion in Davis's prior appeal states that Davis's conviction on count 3 was for assault with a *deadly weapon* (§ 245, subd. (a)(1)), but cites section 245, subdivision (a)(4), defining assault by means of force likely to produce great bodily injury, as the statute violated in count 3. The opinion states in a footnote that "[t]he parties agreed that the verdict form for the section 245, subdivision (a) offense in count 3 had a typographical error." In this appeal, Davis explains: "The verdict form reflects a conviction under section 245 (a)(1), and the jury was instructed on assault with a deadly weapon, but the parties agreed to 'conform the docket to reflect' a conviction under section 245 (a)(4)."

permit Davis to bring a motion to dismiss the serious felony prior conviction (section 667, subdivision (a)(1)) in light of Senate Bill No. 1393, and to exercise its discretion as may be appropriate. The disposition directed the trial court to prepare an amended abstract of judgment, and forward a certified copy to the Department of Corrections and Rehabilitation.

After the case was remanded and before the resentencing hearing, the court granted the People's oral motion to dismiss the burglary charge (count 2) in light of this court's reversal of the conviction on that count. Davis filed a motion for resentencing under section 1170, subdivision (d), asking the trial court to exercise its discretion to strike the five-year prior serious felony conviction enhancement that it imposed under section 667, subdivision (a)(1).

At the resentencing hearing, the court stated, "So the only question is under [section] 1170, now the law, do I revisit the [serious felony] prior?" The court declined to strike the prior serious felony conviction because the court found Davis was a serious risk to his mother. The resentencing hearing concluded immediately after the court announced its decision not to strike Davis's serious felony prior conviction. The court did not revisit or orally pronounce Davis's entire sentence as to all remaining counts, recalculate his custody credits, or take any other action with respect to Davis's sentence.[5]

---

[5] In a "CLERK'S CERTIFICATE" filed in this court on July 16, 2020, the Clerk of the Superior Court certified that "[t]he Appeals Clerk received an omission letter from [Davis's appellate counsel], filed on 6/29/2020, requesting an amended abstract of judgment. A review of the trial court file reveals that there is not an amended abstract of judgment contained in the file. The Court declined to strike the felony prior and resentence Mr. Davis during resentencing hearing on 2/26/2020."

DISCUSSION

Davis contends, the People concede, and we agree that the trial court on remand was required to pronounce a new sentence on all remaining counts, recalculate custody credits, and forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.

Under the "full resentencing rule," "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) The trial court here had discretion to reassess Davis's total sentence on remand based on the reversal of the conviction on the burglary count and subsequent dismissal of that count, but the court apparently was unaware of that discretion. A court that is unaware of the scope of its discretionary powers cannot exercise informed discretion. (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) "Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal." (*People v. Penoli* (1996) 46 Cal.App.4th 298, 306.) In the present case, the court on remand must exercise its sentencing discretion based on the current changed circumstances and render judgment by orally pronouncing Davis's full sentence in his presence. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9; *People v. Hartsell* (1973) 34 Cal.App.3d 8, 13; § 1193.)

In resentencing Davis, the court must also recalculate his custody credits. "[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was

6

originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)

Finally, the parties and we agree that section 654 requires the trial court to stay the sentence on Davis's assault conviction because it was premised on the same conduct as his conviction for attempted murder. Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

" 'Errors in the applicability of section 654 are corrected on appeal regardless of whether the point was raised by objection in the trial court or assigned as error on appeal.' [Citation.] This is an exception to the general rule that only those claims properly raised and preserved by the parties are reviewable on appeal. This exception is not required by the language of section 654, but rather by case law holding that a court acts in excess of its jurisdiction and imposes an unauthorized sentence when it fails to stay execution of a sentence under section 654." (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

## DISPOSITION

The judgment is reversed with respect to Davis's sentence and the matter is remanded for resentencing. The trial court is directed to exercise its sentencing discretion based on the current changed circumstances and orally pronounce a new sentence on all remaining counts. We take no position on how the court should exercise its discretion on remand. The court is further directed to stay the sentence on count 3 under section 654 and to recalculate custody credits. After resentencing, the court is directed to

7

forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.



                                                    O'ROURKE, Acting P. J.

WE CONCUR:



        DATO, J.



        GUERRERO, J.

8